UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFFORD JOHNSON,

    Plaintiff,                                      Case No. 11-12296

v.                                                 Hon. John Corbett O'Meara

KINGA GORZELEWSKI,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

Before the court is Defendant's motion for summary judgment, filed July 19, 2012. Plaintiff submitted a response brief on August 15, 2012. Pursuant to L.R. 7.1(f)(2), the court did not hear oral argument.

In October 2007, Plaintiff Clifford Johnson was charged with unlawful possession of a loaded firearm in a vehicle, in violation of M.C.L. 750.227C. Johnson pleaded guilty to the charge on March 25, 2008, and was sentenced to two years probation. Assistant Wayne County Prosecutor Kinga Gorzelewski handled the prosecution against Johnson on the weapons charge.

Plaintiff filed a complaint against Gorzelewski in state court, which was removed to this court on May 25, 2011. Plaintiff makes several allegations against Gorzelewski, all of which arise out of her prosecution of him. See Def.'s Ex. 3 at 55-60 (Deposition of Clifford Johnson). Plaintiff contends that the charges against him were false and that Gorzelewski violated his constitutional rights, obstructed justice, and committed perjury, slander, fraud, treason, discrimination, and malpractice during the course of her prosecution of him.

As a factual matter, Plaintiff's allegations are not supported by the record.  Further, even if the well-pleaded facts – as opposed to conclusory allegations – in Plaintiff's complaint are taken as true, he has not stated a claim upon which the court may grant relief.  A prosecutor is entitled to absolute immunity for all actions she takes while acting within the scope of her duties as an advocate for the government. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).  The Supreme Court uses a "functional approach" when determining whether a prosecutor is entitled to absolute immunity. Id.  The prosecutorial function includes the initiation and pursuit of a criminal prosecution and most appearances before the court, including examining witnesses and presenting evidence.  Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Burns v. Reed, 500 U.S. 478, 486 (1991).  The prosecutorial function does not include acting as an investigator or complaining witness.  Buckley, 509 U.S. at 275; Kalina v. Fletcher, 522 U.S. 118, 129-31 (1997).  All of Plaintiff's claims arise out of Defendant's actions taken while acting within the scope of her duties as a Wayne County assistant prosecutor.  Plaintiff does not allege otherwise.  Accordingly, Defendant is entitled to absolute immunity from suit.  In other words, she may not be sued for actions taken within the scope of her duties as assistant prosecutor.

Therefore, IT IS HEREBY ORDERED that Defendant's motion for summary judgment is GRANTED and Plaintiff's complaint is DISMISSED.

IT IS FURTHER ORDERED that Plaintiff's application for the appointment of counsel is DENIED.

    s/John Corbett O'Meara
    United States District Judge

Date:  November 7, 2012

   I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, November 7, 2012, using the ECF system and/or ordinary mail.

                 s/William Barkholz
                 Case Manager